## Bole *versus* Bogardis *et al.*

┌ 86　37┐
└170　629┘

1. Plaintiff in execution issued a second pluries fi. fa., and on the allegation that said writ was prematurely issued, the court granted a rule to show cause why the same should not be set aside at the costs of the plaintiff. The writ was returned pending the rule, but, while it was yet undisposed of, the plaintiff issued a third pluries fi. fa., which the court, on motion, set aside, on the ground that it could not issue pending the aforesaid rule. *Held,* that this action of the court was erroneous.

2. *Held, also,* that the court erred in setting aside the vend. ex. issued in pursuance of said third pluries fi. fa.

November 21st 1877.　　Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1877, No. 295.

Nicholas Bogardis and William Ray gave their judgment note at sixty days to William R. Bole, on which judgment was entered for $2520 on the 2d of April 1874. A fi. fa. was issued on this judgment to No. 90, November Term 1874, which, with an alias and pluries fi. fa., were subsequently returned by order of attorney, the defendants having obtained extensions of the time of payment. On the 10th of January 1876, a second pluries fi. fa. issued. On the 31st of January the defendants came into court and made affidavit that they had from time to time obtained an extension of the time of payment of this judgment by the payment of the interest; that the last payment had paid the interest up to February 3d 1876, and that in consequence there was nothing due on the judgment at the time the execution issued, and they therefore moved for a rule to show cause why the execution should not be set aside at the costs of the plaintiff. On the 10th of April 1876, the writ was returned by order of the court, and on the 18th of December 1876 the rule was made absolute. On the 11th of October 1876, the plaintiff issued a third pluries fi. fa., by virtue of which the sheriff levied upon certain real estate and advertised it for sale. This writ was returned on the 13th of November "not sold, because of plaintiff's error in issuing on stayed judgment," which return was subsequently amended by leave of court, so as to read "writ returned by order of attorney." On the 19th of December a venditioni exponas, with fi. fa. attached, was issued to No. 139, January Term 1877. On the 5th of January 1877, defendants moved the court for a rule to show cause why the levy upon said third pluries fi. fa. and the vend. ex. with fi. fa. attached should not be set aside at the cost of the plaintiff, and all proceedings stayed, on the ground that the third pluries had issued during the pendency of the rule to set aside the second pluries, and for the reasons that the vend. ex. was a part of a fi. fa. irregularly issued, and that there was no fi. fa. to support said vend. ex. Both these rules the court made absolute, which were the errors assigned by plaintiff, who took this writ.

[Bole *v.* Bogardis.]

*J. B. Brawley*, for plaintiff in error.—There was no order of court to stay proceedings on the judgment, and as it was valid and overdue the plaintiff was entitled to an execution to collect the same. When the second pluries writ was returned the exigency of the rule to set it aside was met, and it is a hardship to further debar the plaintiff of his remedy. The writ of vend. ex. is, in legal contemplation, issued by the court itself, or by its permission, Crawford *v.* Boyer, 2 Harris 384, and if the action of the court in granting a rule to set aside the second pluries fi. fa. can, upon any theory, be considered as interfering with the plaintiff's right to issue an execution, the issuing of a venditioni exponas may be regarded as evidence of the court's permission or approval to issue the fi. fa. under which the levy was made, just as the issuing of a venditioni was regarded as evidence of the court's approval of an inquisition in Crawford *v.* Boyer, *supra*.

*George F. Davenport*, for defendants in error.—The plaintiff was not entitled to the third pluries writ while the rule to set aside the second at the costs of the plaintiff was still pending and undetermined. The rule by necessary implication stayed the writ and all proceedings on the judgment until the court had disposed of the rule. If the court was right in setting aside the fi. fa., then a like action in regard to the vend. ex. was a necessary consequence, for the latter referred to the former and was a part thereof: Neil *v.* Colwell, 16 P. F. Smith 216; Lippincott *v.* Tanner, 1 Miles 286.

Mr. Justice STERRETT delivered the opinion of the court, Janurry 7th 1878.

The payment of interest in advance to the 3d day of February 1876, ipso facto, extended the payment of the judgment until that date. The second pluries fi. fa. was therefore prematurely issued on the 10th of January, and the court was clearly right in granting the rule to show cause why it should not be set aside at the costs of the plaintiff. The writ was returned, by order of court, on the 10th of April, and on the 18th December following the rule was made absolute, and the plaintiff thereby fixed for the costs. In the meantime, however, there was no order staying proceedings on the judgment. It became ripe for execution at the expiration of the time to which the interest had been paid. On the 11th of October 1876, the third pluries fi. fa. was issued and returned by order of plaintiff's attorney on the 13th of November, with levy on real estate. It is true the original return of the sheriff was different; but it was erroneous, and, by leave of court, was amended so as to conform to the facts. Then, on the 19th day of December, the day after the cost of the former execution was imposed on the plaintiff, the venditioni exponas, with fi. fa. attached, was issued to the next term. In January 1877, the court set aside the third pluries

[Bole *v.* Bogardis.]

fi. fa. and then the vend. ex., both at the cost of the plaintiff.   It is claimed that this was error.

The only ground upon which the court appears to have proceeded in making these orders, was that the third pluries fi. fa. had been issued pending the rule to set aside the former writ at the plaintiff's cost.   As we have seen, that execution had been returned by order of court.   This practically disposed of the writ, and all that remained to be determined was the question of costs, and this was rightly disposed of before the vend. ex. issued.   The pendency of the first rule, as to costs merely, did not operate as a stay of proceedings on the judgment after it became ripe for execution; and while the plaintiff had no right to collect these costs, he could have been restrained from doing so, if necessary, without making the orders now complained of.   Indeed, there is nothing to show that he was attempting to collect more than he was entitled to when his executions were stricken down.   In contemplation of law the vend. ex. was issued by the court itself, or by its permission, and we cannot presume that the costs of the former writ, which had been imposed on the plaintiff the day before, were taxed against the defendant.   He was not prejudiced or likely to be injured by anything that was done after the prematurely issued writ was returned by order of the court.   We think the learned judge erred in setting aside the writs.

> The orders of court setting aside the third pluries fi. fa. and venditioni exponas, at the cost of the plaintiff, are therefore reversed and set aside, and the record remitted.